**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TAMARA SUMMERS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 18-CV-3652** |
| | : | |
| **PA DEPARTMENT OF HUMAN** | : | **FILED** |
| **SERVICES,** *et al.,* | : | |
| **Defendants.** | : | AUG 2 9 2018 |

KATE BARKMAN, Clerk
By_____Dep. Clerk

**MEMORANDUM**

**BEETLESTONE, J.**                                                                      AUGUST 29, 2018

*Pro se* Plaintiff Tamara Summers has filed this civil action pursuant to 42 U.S.C. § 1983

against "PA Department of Human Services (and employees)," the "Community Umbrella

Agency (CVA 7) (and employees)," Judge Joseph Fernandes, and Neil Krum, Esq. (ECF No. 2.)

She has also filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and a Motion

for Appointment of Counsel (ECF No. 3). For the following reasons, the Court will grant

Summers leave to proceed *in forma pauperis*, dismiss her Complaint with leave to amend, and

deny her Motion for Appointment of Counsel at this time.

**I.    FACTS**

Summers alleges that on September 1, 2015, the Department of Human Services ("DHS")

removed her two minor children from the home, based on allegations that Summers had "failed

to keep the children medically up-to-date." (Compl. at 3.) Summers contends that these

allegations "were false and proven false with medical records." (*Id.*)

On September 10, 2015, while the children were in DHS's care, "there were allegations

that [Summers's] boyfriend inappropriately touched [her] older daughter." (*Id.*) These

allegations were determined to be unfounded after an investigation. (*Id.*) The children, however, "were not returned home." (*Id.*)

On March 3, 2016, "allegations were brought against [the] father of [the] children that he sodomized [the] oldest daughter in 2009." (*Id.*) According to Summers, no evidence to support those allegations "has been brought forth but those allegations were determined to be indicated." (*Id.*) The father of the children "still has not been convicted of such a heinous crime but his rights were terminated." (*Id.*)

In July of 2016, Judge Fernandes "put a gag order on [Summers] for protesting the illegal taking of her children." (*Id.*) On March 21, 2017, Judge Fernandes terminated Summers's parental rights "on the grounds that he didn't feel that she was ready and able to care for children (not on any grounds that she abused or neglected them)." (*Id.*) On August 27, 2018, the children's grandfather was informed "that his grandparent rights have been terminated because of his association with his daughter, Tamara Summers." (*Id.*)

Summers alleges that she "has suffered emotional pain and suffering because of the stress caused by the children being removed and placed with strangers without a legal reason." (*Id.* at 4.) She indicates that she is raising claims for violations of her rights under the First, Fourth, Fifth, and Fourteenth Amendments. (*Id.* at 2.) As relief, Summers asks for the Court "to reinstate her parental rights and provide compensation of $1 million dollars or more for emotional pain and suffering." (*Id.* at 4.)

## II.    STANDARD OF REVIEW

The Court will grant Summers leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, Summers's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the

Complaint if it fails to state a claim. Whether a complaint fails to state a claim under

§ 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under

Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d

Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not

suffice." *Id.* As Summers is proceeding *pro se*, the Court construes her allegations liberally.

*Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Summers's claims fail for the following reasons.

### A.    Claims Brought on Others' Behalf

While not clear, it appears that Summers is attempting to assert claims on behalf of her

children's father and their maternal grandfather. Summers, however, lacks standing to pursue

claims on behalf of these individuals and, even if they were parties to this case, she would not be

able to represent them because a non-attorney proceeding *pro se* may not represent others in

federal court. *See Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir.

2011) ("[A] plaintiff must assert his or her own legal interests rather than those of a third party"

to have standing to bring a claim (quotations omitted)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med.

Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991) (a pro se litigant who is not an attorney may

3

not pursue claims on behalf of anyone other than himself). The Court will therefore dismiss any claims raised on behalf of these individuals without prejudice.

## B. Claims Against the PA Department of Human Services and Community Umbrella Agency (CUA 7)

As noted above, Summers has brought suit against the PA DHS. This entity, however, is entitled to Eleventh Amendment immunity and does not constitute a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Biesecker by Biesecker v Cerebral Palsy Ass'n, Chester Cty. Disabilities Servs.*, No. 17-2586, 2018 WL 3416384, at \*6-7 (E.D. Pa. July 13, 2018). Thus, Summers cannot maintain her claims against the PA DHS.

Summers has also named the Community Umbrella Agency (CUA 7) as a Defendant, but fails to mention this entity in the body of her Complaint. Thus, she has failed to state a basis for imposing liability against this entity. Moreover, while not clear, it appears that Summers may be attempting to hold individual employees of the PA DHS and the CUA 7 liable for the alleged violations of her rights. While it would be appropriate for Summers to identify defendants as "John Doe" or "Jane Doe" if she does not know their names, she is still obligated to explain how each individual she seeks to proceed against was personally involved in the violation of her constitutional rights, whether due to the official's own misconduct or the official's deliberate indifference to known deficiencies in a policy or procedure that violated her rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). It is not appropriate for Summers to sue all DHS and CUA 7 employees unless each and every employee was personally involved in violating her rights. Thus, her allegations are insufficient to state a claim without any reference to which specific individuals engaged in what conduct. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

4

### C. Claims Against Judge Fernandes

Summers appears to suggest that Judge Fernandes violated her rights by issuing a "gag order" and by terminating her parental rights. *(See* Compl. at 3.) Judges, however, are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Weldon v. Cywinski*, 222 F. App'x 205, 207 (3d Cir. 2007) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (per curiam). Here, it is apparent that Summers is suing Judge Fernandes based on the manner in which he ruled in or handled the proceedings regarding her parental rights and her children. Accordingly, her § 1983 claims against Judge Fernandes are barred by judicial immunity.

### D. Claims Against Neil Krum

Finally, Summers names Neil Krum, Esq., as a Defendant, but fails to mention him in the body of her Complaint. Presumably, Krum had some involvement as an attorney with respect to the proceedings regarding Summers's children and her parental rights. However, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Accordingly, Summers may not proceed on her § 1983 claims against Krum.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Summers leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Summers's right to file an amended complaint in the event she can cure the defects noted above. Summers's Motion for Appointment of Counsel will be denied without prejudice at this time. *See Tabron v. Grace*, 6

5

F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

BY THE COURT:

_____

**WENDY BEETLESTONE, J.**